# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50953
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

EDGAR ALFREDO-VALLADARES, also known as Edgar Jose-Ardon, also known as Edgar Lopez,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-156-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The Government appeals the dismissal of an indictment charging Edgar Alfredo-Valladares with a single count of illegal reentry after prior removal, in violation of 8 U.S.C. § 1326. The district court found that the notice to appear filed in the underlying removal proceedings was a deficient charging document because it failed to identify a date or time for the removal hearing. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court determined that the immigration court consequently lacked jurisdiction to issue a valid order of removal and, thus, the Government could not prove an element of an offense under § 1326.

In *United States v. Pedroza-Rocha*, 933 F.3d 490, 496-98 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588) (announced after the district court decided this case), we reversed the district court's order dismissing an illegal-reentry indictment on the ground that the order of removal was void because, as in this case, the notice to appear did not specify a date and time for the removal hearing. Applying *Pierre-Paul v. Barr*, 930 F.3d 684, 688-90 (5th Cir. 2019), we concluded that the notice to appear was not deficient, that the alleged deficiency would not deprive an immigration court of jurisdiction, and that the defendant had to exhaust his administrative remedies before he could collaterally attack his removal order. *Pedroza-Rocha*, 933 F.3d at 496-98.

The instant case is indistinguishable from *Pedroza-Rocha*. Accordingly, the Government's unopposed motion for summary disposition is GRANTED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary. The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings.